UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>TIMOTHY BINFORD,<br><br>                    Defendant. | NO:  2:00-CR-99-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's pleading filed on December 2, 2014, which the Court has liberally construed as a Motion to Dismiss, **ECF No. 90**.[1]  The motion was heard without oral argument on January 2, 2015.  Defendant, Mr. Timothy Binford, is appearing pro se with stand by counsel, John McIntyre.  The Government is represented by AUSA Timothy Ohms.  The Court has reviewed the

---

[1] Defendant Binford's motions are liberally construed because he is appearing *pro se*. *See, e.g.*, *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

1  motion, the Government's response memorandum, ECF No. 91, all relevant filings,

2  and is fully informed.

3        Defendant moves the Court to dismiss this case, arguing that the Court lacks

4  jurisdiction over the Defendant.  ECF No. 90.  For the reasons stated below, the

5  Court denies the Defendant's motion.

6  ## BACKGROUND

7        Defendant was indicted on May 9, 2000, on one count of armed bank

8  robbery, in violation of 18 U.S.C. §§ 2113(a) and (d).  ECF No. 2.  On June 30,

9  2000, Defendant pleaded guilty to the indictment.  ECF No. 16.  The Honorable

10 Judge Edward F. Shea sentenced Defendant on September 29, 2000, to 188 months

11 of incarceration, followed by three years of supervised release.  ECF No. 19.

12 Defendant was released from prison and began his period of supervised release on

13 January 10, 2014.  *See* ECF No. 52 at 1.

14       Since having been released, Defendant's probation officer has alleged that

15 Defendant has violated the terms of his supervised release by using illicit narcotics

16 and by being arrested on state charges of second degree burglary, second degree

17 theft, forgery, possession of a controlled substance, unlawful possession of a

18 firearm, and second degree possession of stolen property.  ECF Nos. 52 and 69.

19 An arrest warrant for the alleged violations was issued for Defendant on September

20 16, 2014, ECF No. 57, and Defendant appeared before Magistrate Judge John T.

Rodgers on September 19, 2014, ECF No. 63.  Defendant is currently in custody, pending the resolution of the supervised release revocation action in this case, as well as the resolution of a companion federal case from 2014 in which Defendant has been indicted on one count of being a felon unlawfully in possession of a firearm.  *See* ECF No. 63; *United States v. Binford*, 2:14-CR-166-RMP, ECF No. 1.  The same factual allegations providing the basis for the unlawful possession charge in the 2014 federal case also provide the basis for the supervised release revocation action in this 2000 case, as well as the charges in a related state court action.  Pursuant to Defendant's request, the Court continued Defendant's revocation of supervised release hearing pending the outcome of the companion federal case.  ECF No. 95.

Defendant now moves to dismiss this 2000 case and the accompanying supervised release revocation action, arguing that the Court lacks jurisdiction over Defendant and the charges against him.

## DISCUSSION

The Court notes first that Defendant may not properly file a motion to dismiss at this time because the judgment in this case is final.  ECF No. 19.  Nevertheless, for the benefit of Defendant, who is proceeding *pro se*, the Court will briefly explain how it has jurisdiction over this matter.

Article III of the United States Constitution gives the federal judicial branch jurisdiction over all cases "arising under . . . the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. Defendant was charged with violation of federal law, namely, 18 U.S.C. §§ 2113(a) and (d). ECF No. 2. Therefore, the Court had jurisdiction over the case when Defendant was indicted in 2000.

Subsequently, Defendant pleaded guilty and was sentenced to three years of supervised release following the completion of his sentence of incarceration. ECF No. 19. "The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3). Thus, by statute, Congress has given the Court jurisdiction over Defendant and the alleged violations of his supervised release conditions now, in 2014.

The proper avenue by which Defendant might have attacked this Court's jurisdiction over his underlying conviction from 2000 was by filing a 28 U.S.C. § 2255 petition for a writ of habeas corpus. The Court is aware that Defendant did so, but that the Court determined his petition to be untimely. ECF No. 43. Thus, at this time, the Court is not aware of any means by which Defendant may attack this Court's jurisdiction over his 2000 conviction for armed bank robbery. In any

1  event, even if Defendant could properly file a motion to dismiss at this time, his

2  motion is without merit.

3        Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to

4  Dismiss, **ECF No. 90,** is **DENIED.**

5        The District Court Clerk is directed to enter this Order and provide copies to

6  counsel and *pro se* Defendant Binford.

7        **DATED** this 9th day of January 2015.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge